# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

REGINALD LAMONT DUNAHUE,
ADC #106911                                                    PLAINTIFF

V.                              5:16CV00105 BSM/JTR

KENNIE BOLDEN, Chief of Security,
Varner Super Max, ADC, et al.                          DEFENDANTS

## RECOMMENDED PARTIAL DISPOSITION

The following Recommended Partial Disposition ("Recommendation") has been sent to United States Chief District Brian S. Miller. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

-1-

## I.  Introduction

Plaintiff, Reginald L. Dunahue ("Dunahue"), is a prisoner in the Varner Super Max Unit ("VSM") of the Arkansas Department of Correction.  He has filed this *pro se* § 1983 action alleging that Defendants are using excessive force by "hog-tying" him whenever he receives dental services.  *Docs. 2 & 6.*

Dunahue has filed a Motion for a Preliminary Injunction (*Doc. 33)* and a Motion for Summary Judgment *(Doc. 61).*  Defendants have filed a single Response to both Motions and a Brief in Support.  *Docs. 69 & 70.*  For the following reasons, the Court recommends that both of Dunahue's Motions be denied.

## II.  Discussion

### A.    Motion for a Preliminary Injunction

When deciding whether to grant Dunahue's Motion for a Preliminary Injunction, the Court must consider:  (1) the threat of irreparable harm to Dunahue; (2) the balance of harm between Dunahue and Defendants should the injunction issue; (3) the likelihood of success on the merits of Dunahue's excessive force claim; and (4) the public interest. *See Arnzen v. Palmer,* 713 F.3d 369, 372 (8th Cir. 2013). Importantly, Dunahue bears the burden of establishing that he is entitled to a preliminary injunction.  *See Roudachevski v. All-Am. Care Ctrs., Inc.,* 648 F.3d 701, 705 (8th Cir. 2011).  Additionally, the Eighth Circuit has emphasized that "in the

prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

Dunahue alleges that Defendants are denying him dental care because he is "gay and/or a transvestite," which is a different allegation from the excessive force claim he has raised in this lawsuit. *Doc. 33 at 1*. Because the purpose of a preliminary injunction is "to preserve the status quo," the party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).   Dunahue's recent allegation of discrimination based on his sexual orientation is not related to the excessive force claim that is the basis for this lawsuit. Thus, it is not a proper reason for granting him preliminary injunctive relief.[1] *See, e.g., Devose*, 42 F.3d at 471 (denying a prisoner's request for a preliminary injunction because his retaliation allegations "entirely different from" the inadequate medical care claim raised in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (Sept. 18, 2008) (unpublished opinion) (denying a prisoner's request for

---

[1] If Dunahue wishes to pursue any relief in regard to his discrimination allegation, he must raise that claim in a *new and separately filed* § 1983 action.

a preliminary injunction because "the relief sought was unrelated to the allegations in his [§ 1983] complaint").

Dunahue also seeks a preliminary injunction forbidding Defendants from "hog-tying" him whenever he receives dental services.  That request is directly related to the excessive force claim raised in this lawsuit.  However, Dunahue has not, at this time, demonstrated that he is likely to prevail on the merits of his excessive force claim or that he will suffer irreparable harm if preliminary injunctive relief is denied.

In contrast, Defendant VSM Warden Watson ("Watson") explains, in his Declaration, that Dunahue is not "hog-tied" when he receives dental services. *Doc. 69, Ex. A*.  Instead, Dunahue's hands are cuffed behind his back and his legs are placed in restraints, as is required by ADC policy whenever *any VSM inmate is removed from his cell*. *Id.*  (emphasis added). Watson further explains that Dunahue remains restrained throughout dental procedures because he has "an extremely disruptive and violent disciplinary history" that includes assaulting prison guards, disobeying orders, throwing bodily fluids on staff, and threatening to harm others.  *Id. Ex. A, at 1-2*. According to Watson, Dunahue's hands are not cuffed in the front of his body because the cuffs "can easily be used as a weapon against another person." *Id. at 3*.  Finally, Dr. Steven Stringfellow states in his Declaration that the restraints have not interfered with his ability to provide dental services to Dunahue.  *Id., Ex. E*.

-4-

Based on this information, the Court concludes that Dunahue has not sustained his burden of establishing that he is entitled to preliminary injunctive relief. Accordingly, his Motion for a Preliminary Injunction should be denied.

## B.  Dunahue's Motion for Summary Judgment

Dunahue also asks the Court to grant summary judgment in his favor on his excessive force claim.[2]  To prevail on that claim, Dunahue must demonstrate that Defendants used force "maliciously and sadistically to cause harm," rather than in "a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Blair,* 707 F.3d 984, 990 (8th Cir. 2013).  The relevant factors that must be considered when making this determination are: (1) the objective need for the force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the defendants; (4) any efforts by the defendants to temper the severity of their forceful response; and (5) the extent of the inmate's injuries. *Walker v. Bowersox,* 526 F.3d 1186, 1188 (8th Cir. 2008); *Johnson*

---

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial.  *See* Fed. R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

*v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2008).

Dunahue contends that: (1) it is unnecessary to restrain him during dental procedure; (2) Defendants are unnecessarily applying the restraints too tightly, and (3) less pain would be inflicted if he was cuffed in the front, instead of the back, during dental procedures. *Docs. 6 & 61.* As previously discussed, Watson's and Dr. Stringfellow's Declarations are in direct conflict with Dunahue's assertions. *Doc. 69, Exs. A & E.*

Because there remain genuine disputes of material fact as to whether Defendants are restraining Dunahue during dental procedures in a good faith effort to maintain discipline or maliciously and sadistically to cause harm, Dunahue's Motion for Summary Judgment should be denied. *See Aipperspach v. McInerney,* 766 F.3d 803, 808 (8th Cir. 2014) (acknowledging that a genuine issue of material fact precludes the grant of summary judgment in an excessive force case); *Bell v. Kansas Cty. Police Dep't.*, 635 F.3d 346, 347 (8th Cir. 2011) (explaining that summary judgment should be denied, in an excessive force case, when there remain genuine issues of material fact).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Dunahue's Motion for a Preliminary Injunction *(Doc. 33)* be DENIED.

2.      Dunahue's Motion for Summary *(Doc. 61)* be DENIED.

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Partial Disposition would not be taken in good faith.

Dated this 5th day of October, 2016.


_____
UNITED STATES MAGISTRATE JUDGE