## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

REGINALD LAMONT DUNAHUE,
ADC #106911                                                                  PLAINTIFF

V.                                      5:16CV00105 BSM/JTR

KENNIE BOLDEN, Chief of Security,
Varner Super Max Unit, ADC, et. al.                                 DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended ("Recommendation") has been sent to United States Chief District Brian S. Miller.   Any party may file written objections to this Recommendation.   Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation.   An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation.   If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.   By not objecting, you may also waive any right to appeal questions of fact.

# I.  Introduction

Reginald Lamont Dunahue ("Dunahue") is a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC").  He has filed this *pro se* § 1983 action alleging that, while he was in the Varner Super Max Unit ("VSM"), Defendants Chief of Security Kennie Bolden, Captain Mark Stephens, Sergeant Sedrick Foote, Lieutenant Phillip Esaw, Lieutenant James Plummer, Sergeant John Rodgers, Sergeant Brandon James, Sergeant Lisa Childress, Sergeant Brian Perkins, Deputy Warden Moses Jackson, Deputy Warden Jeremy Andrews, Deputy Warden Chris Budnik, Warden Randy Watson, and ADC Director Marshall Reed ("Defendants") used excessive force and denied him adequate medical care by cuffing his hands behind his back during dental procedures.[1]  *Docs. 2 & 6.*

Defendants have filed a Motion for Summary Judgment, a Brief in Support, a Statement of Undisputed Facts, and a Reply.  *Docs. 102, 103, 104 & 115.* Dunahue has filed a Response, a Supplemental Response, an Affidavit, and a Statement of Disputed Facts.  *Docs. 106, 107, 108 & 112.*

Before addressing the merits of Defendants' Motion, the Court will summarize

---

[1]  Dunahue claims that each of these Defendants either ordered him to be cuffed behind his back during dental procedures or failed to take corrective action after reading his grievances challenging how he was restrained during dental procedures.  *Id.*

the relevant facts giving rise to Dunahue's claims:[2]

1.     In 2008, Dunahue was sentenced to fifty years in prison for committing aggravated robbery, being a habitual offender, and violating parole on a prior murder conviction.  *Doc. 102, Ex. D.*

2.     During the next four years, Dunahue committee at least twenty-four disciplinary violations at various ADC units for assaulting guards, possessing a weapon, throwing bodily fluids, destroying state property, and disobeying orders. *Id., Exs. A, D, & L.*

3.     On January 27, 2012, Dunahue was transferred to the VSM[3] because he was a "dangerous," "violent," and "destructive" prisoner, as defined by ADC policy, who had demonstrated a "chronic inability to conform his behavior to meet institutional expectations, policies, and procedures."  *Id., Ex. A at 2 & Ex. D.*

4.     While at the VSM, Dunahue was confined in a single-man

---

[2]   Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986).  The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial.  *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

[3]  The VSM is the most secure unit that "houses the ADC's most incorrigible inmates" who "pose a threat to themselves or others." *Doc. 102, Ex. A; Roddy v. Banks*, Case No. 03-3735, 2005 WL 433404 (8th Cir. Feb. 25, 2005) (unpublished decision).

administrative segregation cell where he remained for twenty-three hours a day. Whenever he left his cell, Dunahue was:   (a) handcuffed behind his back and placed in leg restraints with a leather tether running between his handcuffs and leg restraints;[4] and (b) escorted by two guards.   *Id., Exs. A, C, F, & G; Doc. 107 at 125; Doc. 115, Ex. A at 63-69.*

5.      Despite these restrictions, Dunahue received at least twenty additional disciplinary actions at the VSM for assaulting guards, throwing bodily fluids, destroying state property, and disobeying orders.   *Id., Ex. D; Doc. 115, Ex. A at 86-95.*

6.      In particular, on January 29, 2014, Dunahue grabbed a shield from a security officer and a nurse who had entered his cell to provide him with medical care and threw feces at them.   *Id., Exs. A & K.*

7.      In early July of 2014, a VSM prisoner, who was allowed to have his hands cuffed in front of his body during a medical exam, stabbed a guard with a shank.   Because of that incident, prison administrators decided that VSM prisoners must remain handcuffed behind their backs during all future dental procedures unless: (a) the prisoner had a medical script prohibiting him from being cuffed

---

[4] During his deposition, Dunahue admitted that he was restrained in this manner and not "hog-tied" as alleged in his Complaint and Amended Complaint. *Doc. 102, Ex. A at 63-69.*

behind his back; or (b) the dental provider asked that the restraints be moved to the front or removed during the exam.[5] *Doc. 115, Ex. A. at 27-44, 72-73, 117-122, 130-131.*

8.    On July 8, 2014, Dunahue was escorted to the VSM dental lab to have his teeth cleaned.   Dunahue asked that his handcuffs be moved from behind his back to the front of his body while he was in the dental chair, as had been done during prior dental appointments.   Defendants refused to do so because Dunahue did not have a medical script requiring that he be cuffed in front of his body, and the dental providers said that cuffing Dunahue behind his back did not interfere with their ability to provide him with dental services.   Dunahue alleges that, during this dental appointment, he complained of wrist and shoulder pain, and that his shoulder "dislocated" while he was attempting to find a comfortable position in the dental chair.[6]   After the ten to fifteen minute dental appointment, Dunahue was escorted back to his administrative segregation cell where he was allegedly able to "pop" his

---

[5] Dunahue alleges inmates in the VSM "step-down" program were allowed to be cuffed in front.  *Docs. 107 & 106.*  However, in his deposition, Dunahue conceded that he was not in the VSM "step-down" program.  *Doc. 115, Ex. A at 66-68.*

[6] There is no indication, in the dental records, that Dunahue complained of wrist or shoulder pain during the July 8, 2014 exam.  Instead, the dental records state that Dunahue was "uncooperative," "mouthy," and "very angry" throughout the exam because he felt that the hygienist had "rushed through his cleaning." *Doc. 102, Ex. I at 6.*

5

dislocated shoulder back into place without any medical assistance.[7]   *Doc. 115, Ex. A at 227-44, 72-75, 117-122, & 130-131.*

9.      On December 4, 2014, a dentist examined and x-rayed Dunahue's teeth while his hands were cuffed behind his back.   The dentist recommended that Dunahue have two cavities filled at the next appointment.   There is no indication, in the dental records, that Dunahue complained of pain from having his hands cuffed behind his back during this dental exam.   *Doc. 102, Ex. I at 6.*

10.      During the next ten months, Dunahue refused to attend at least five dental appointments because prison officials would not allow him to be cuffed in front of his body while he was in the dental chair.[8]   *Doc. 102, Ex. I at 4-5; Doc. 115, Ex. A at 53*

11.      On October 27, 2015, a dentist examined Dunahue, while his hands were cuffed behind his back.   The dentist recommended that two cavities be filled

---

[7]      Dunahue he has *not* presented any medical evidence demonstrating that his shoulder was dislocated on or about July 8, 2014.   To the contrary, in his deposition, Dunahue *admitted* that no medical provider ever diagnosed him with a shoulder injury, and that instead, they treated his subjective complaints of shoulder pain with over the counter pain medications. *Doc. 115, Ex. A at 39-44.*

[8]      In his deposition, Dunahue testified that he refused dental care, on July 28, 2014, due to the discomfort caused by having his hands cuffed behind his back while in the dental chair. *Doc. 115, Ex. M at 44-47.* However, according to the dental records, that exam occurred on July 28, *2015*, and not *2014.   Doc. 102, Ex. I at 5.*

and that an impacted wisdom tooth be extracted at the next appointment. There is no indication in the dental notes that Dunahue complained of pain in his wrists or shoulders during this exam.   *Doc. 102, Ex. I at 3-4.*

12.     During the next four months, Dunahue refused to attend at least five dental appointments because prison officials would not move his to the front of his body while he was in the dental chair.   *Doc. 102, Ex. I at 2-3; Doc. 115, Ex. A at 53-54*

13.     On February 18, 2016, a dentist examined Dunahue's teeth, while his hands were cuffed behind his back.  The dentist recommended that an impacted wisdom tooth, which was slightly inflamed, be extracted.   There is no indication in the dental records that Dunahue complained of pain his wrists or shoulders during this exam.   *Doc. 102, Ex. I at 2.*

14.     Dunahue refused to attend his next two scheduled dental appointments because he objected to having his hands cuffed behind his back while he was in the dental chair.   *Id., Ex. I at 1.*

15.     In November of 2016, Dunahue was transferred from the VSM to the EARU.   *Doc. 115, Ex. A at 78 & 84-85.*

## II.   Discussion

Defendants argue that they are entitled to summary judgment, as a matter of law, on the excessive force and inadequate medical care claims Dunahue has raised against them.   The Court concludes that Defendants' argument has merit.[9]

### A.   Excessive Force Claim

To prevail on his excessive force claim, Dunahue must prove that Defendants handcuffed him behind his back during dental procedures "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline."   *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016).   The relevant factors that must be considered when making this determination are:   (1) the objective need for force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by Defendants; (4) any efforts by Defendants to temper the severity of their forceful

---

[9]   Defendants also argue that they are entitled to sovereign immunity and qualified immunity. However, sovereign and qualified immunity only apply to Dunahue's request for monetary damages and *not* to his request for a permanent injunction prohibiting Defendants from cuffing him behind his back during dental exams. *See Monroe v. Ark. State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007); *Mead v. Palmer,* 794 F.3d 932, 937 (8th Cir. 2015).   Further, there is no need to address these alternative arguments for dismissal because the Court concludes, as matter of law, that the relevant uncontroverted facts, viewed in the light most favorable to Dunahue, fail to establish a constitutional violation. *See Ashcroft v. Al-Kidd*, 563 U.S. 731, 735-41 (2011); *Schmidt v. City of Bella Villa,* 557 F.3d 564, 574 (8th Cir. 2009).

response; and (5) the extent of Dunahue's injuries.   *See Ward,* 844 F.3d at 721-22 (8th Cir. 2016); *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008).

As to the first three factors, it is *undisputed* that Dunahue had to be restrained during dental procedures due to a long and well documented history of "disobedient," "destructive," and "violent" behavior, including a recent assault on a guard and nurse who attempted to provide him medical care inside of his cell. Dunahue contends that the safety of the dental providers and guards still could have been guaranteed by cuffing his hands in front of his body, instead of behind his back. *Docs. 106 & 107.*   However, that argument overlooks the *undisputed fact* that another VSM prisoner, whose hands were cuffed in front of his body, was still able to stab a guard, which resulted in the new policy that VSM prisoners must have their hands cuffed behind their back during dental appointments.

Dunahue also contends that cuffing his hands behind his back during dental procedures was unnecessary because, after the guard was stabbed, he and all other VSM prisoners were stripped searched before leaving their cells, thereby making it impossible for them to sneak a weapon into the dental lab.   *Id.*   However, as explained in Warden Watson's *unrefutted* Affidavit, handcuffs in front of a prisoner's body "can easily be used as a weapon against another person."   *Doc. 102, Ex. A* at

9

5.   Additionally, with his hands cuffed in front of his body, Dunahue could easily seize a dental instrument to use as a weapon.

As to the fourth factor, Defendants "tempered" their policy on cuffing VSM prisoners' hands behind their backs by allowing some VSM prisoners to have their hands cuffed in front of their bodies if:   (a) the dental provider requested it; or (b) the prisoner had a medical script substantiating a medical problem that prevented the prisoner from having his hands cuffed behind his back.   It is *undisputed* that Dunahue did *not* have a medical script authorizing guards to cuff his hands in front of his body due to a medical problem.   Finally, the uncontroverted Affidavit of a VSM dentist establishes that having Dunahue's hands cuffed behind his back did not, in any way, interfere with his ability to provide Dunahue with dental care.   *Doc. 102, Ex. H.*

As to the fifth factor, Dunahue has failed to come forward with any medical evidence to support his self-serving allegation that he injured his wrists or shoulders as a result of having his hands cuffed behind his back during dental procedures.   To the contrary, the hygienist notes indicate that, on July 8, 2015, Dunahue became angry and combative because he believed that she had not spent *enough time* cleaning his teeth, with no mention of Dunahue making any complaints about wrists or shoulder pain from having his hands cuffed behind his back.   Additionally,

10

during his deposition, Dunahue conceded that:   (1) he was *never* diagnosed with a dislocated shoulder or other shoulder injury; (2) each dental exam lasted only ten to fifteen minutes; and (3) he received only over the counter pain medications to treat the temporary discomfort he reportedly experienced from having his hands cuffed behind his back during dental procedures.   *Doc. 115, Ex. A at 39-44 & 75.*

Based on this undisputed evidence, the Court concludes that no reasonable juror could conclude that Defendants cuffed Dunahue behind his back during dental procedures "maliciously and sadistically to cause harm," rather than "in a good-faith effort" to maintain safety for the dental workers and guards who were present during those dental examinations.   Thus, as matter of law, Defendants are entitled to summary judgment on Dunahue's excessive force claim, which should be dismissed, with prejudice.

## B.    Inadequate Medical Care Claim

To proceed to trial on his inadequate medical care claim, Dunahue must have evidence demonstrating that:   (1) he had an objectively serious need for dental care; and (2) Defendants subjectively knew of, but were deliberately indifferent to, that serious medical need. *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010).

Here, there is no evidence that Defendants were deliberately indifferent to

11

Dunahue's need for dental care.  To the contrary, it is *undisputed* that Defendants cleaned and examined Dunahue's teeth on numerous occasions, and that they scheduled ten follow-up appointments which Dunahue refused to attend because he did not want to have his hands cuffed behind his back.  *See Fourte v. Faulkner Cnty.,* 746 F.3d 384, 390 (8th Cir. 2014) (finding that no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner"); *Meuir v. Greene Cnty. Jail Emp.,* 487 F.3d 1115, 1118-19 (8th Cir. 2007) (finding no deliberate indifference when a prisoner refused to attend a dental appointment); *Beck v. Skon*, 253 F.3d 330, 333-34 (8th Cir. 2001) (finding no deliberate indifference where a prisoner refused to comply with the recommended course of medical care).

Finally, as previously explained, a non-party VSM dentist states, in his unrefuted Affidavit, that dental "treatment was completely available to [Dunahue] and was not in any manner hindered" by having Dunahue's hands cuffed behind his back during dental procedures.  *Doc. 102, Ex. H at 1.*  Dunahue has *not* produced a medical script or any other evidence demonstrating that it was medically necessary for him to have has hands cuffed in front of his body during dental procedures.

Because there is no evidence that Defendants were deliberately indifferent to Dunahue's need for dental care, they are entitled to summary judgment. Accordingly, Dunahue's inadequate dental care claim should be dismissed, with

prejudice. *See Meuir*, 487 F.3d at 1118 (explaining that, to defeat summary judgment, a prisoner "must clear a substantial evidentiary threshold to show that the prison's medical staff deliberately disregarded" the inmate's needs for adequate dental care).

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendants' Motion for Summary Judgment *(Doc. 102)* be GRANTED, and that Dunahue's excessive force and inadequate medical care claims against Defendants Bolden, Stephens, Foote, Esaw, Plummer, Rodgers, James, Childress, Perkins, Watson, Jackson, Andrews, Budnik, and Reed be DISMISSED, WITH PREJUDICE.[10]

Dated this 29th day of June, 2017.


_____
UNITED STATES MAGISTRATE JUDGE

---

[10] Dunahue's claims against Defendants Warren, Lloyd, Williams, McConnell, Davis, and Bivens have already been dismissed, *without prejudice.   Doc. 94.*